UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-81222-CIV-CANNON

OCEAN REEF CHARTERS, LLC,

    *Plaintiff*,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    *Defendant*.

_____/

## AMENDED COMPLAINT

Ocean Reef Charters, LLC sues Travelers Property Casualty Company of America, and states:

### NATURE OF ACTION

1. This is an action seeking extracontractual damages resulting from Travelers' violation of the fiduciary duties it owed to Ocean Reef under the Policies and Florida law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action because the parties are citizens of different states and the amount in controversy is more than $75,000.00, exclusive of costs, interest, and attorney's fees.

3. Venue is proper in this Court because the acts giving rise to this action occurred in Palm Beach County, Florida. The Underlying Lawsuit and resulting Final Judgments quantifying Ocean Reef's damages from Travelers failure to promptly settle Ocean Reef's claims when it could

have and should have done so were litigated in Palm Beach County, such that this cause of action accrued in Palm Beach County.

## THE PARTIES

4. Ocean Reef is a Florida Limited Liability Company with an office in Wellington, Florida and a principal place of business in Rochester, New York. The sole member of Ocean Reef is a New York Limited Liability Company – "Bad Boyz LLC" – whose three members are domiciled in New York.

5. Travelers is organized under the laws of Connecticut with an office and principal place of business at One Tower Square, Hartford, Connecticut 06183-1160, and is in the business of writing marine insurance.

## GENERAL ALLEGATIONS

6. Travelers insured the M/Y "My Lady," a 1998 92' Hatteras owned by Ocean Reef Charters LLC, from October 10, 2014 through October 10, 2017 under three consecutive policies. The 2016-2017 Policy is attached as Exhibit A.

7. During Hurricane Irma's impact on September 10-11, 2017, the My Lady was battered against the sea wall until she sank where she was moored in Palm Beach County, Florida. The yacht was a constructive total loss.

8. Travelers was given prompt notice of the loss and issued a reservation of rights letter on September 25, 2017, while agreeing to pay to raise the yacht and tow it to Bradford Marine for storage and inspection.

9. The following day – just 16 days after the loss – Travelers filed suit against Ocean Reef in the Western District of New York, seeking a declaration that the loss was not covered due to an alleged breach of the captain and crew warranties.

10. Travelers then denied coverage on November 9, 2017, claiming that Ocean Reef was in breach of the captain and crew warranties at the time of the loss.

11. On August 31, 2018, the Court transferred this action to the Southern District of Florida and found that Florida law should apply to determine coverage. Ocean Reef then filed a counterclaim for breach of contract against Travelers, alleging that its denial violated Fla. Stat. § 627.409(2).

12. On June 4, 2019, Ocean Reef filed a Civil Remedy Notice (CRN) with the Florida Department of Financial Services alleging that Travelers had committed (and was continuing to commit) numerous statutory violations due to its failure to fairly adjust and settle Ocean Reef's claim. Travelers was served with the CRN, and the 60-day safe harbor period expired without Travelers paying the claim or otherwise curing its violations. A copy of the CRN and Travelers' response is attached as Exhibit B.

13. On November 30, 2021, the Court entered Final Judgment in favor of Ocean Reef and against Travelers in the amount of $2,534,270.94.

14. The Final Judgment was later affirmed by the Eleventh Circuit Court of Appeals.

15. All conditions precedent to this action have been performed, waived, or have otherwise occurred.

## COUNT I – BAD FAITH

16. Ocean Reef re-alleges the facts set forth in Paragraphs 1 through 15.

17. The Policy constitutes a valid and enforceable contract under Florida law.

18. <u>Duties</u>: The Policy and Florida law imposed certain fiduciary and statutory duties on Travelers regarding the prompt and fair evaluation and payment of claims.

19. Travelers had a duty to act fairly and honestly toward Ocean Reef and with due regard for its interests.

20. Travelers had a duty to use the same degree of care and diligence in the investigation and resolution of Ocean Reef's claim as a person of ordinary care and prudence should exercise in the management of his or her business.

21. Travelers had a duty to settle Ocean Reef's claim when it could and should have done so.

22. Breach: Travelers breached these fiduciary and statutory duties by failing to indemnify its insured, Ocean Reef, for covered claims suffered as a result of Hurricane Irma.

23. Travelers further breached its duties to Ocean Reef by actively taking an adverse position against it by filing a lawsuit against Ocean Reef in an improper venue before honestly and fairly adjusting Ocean Reef's claim.

24. Travelers further breached its duties to Ocean Reef through its abject failure to investigate the claim and communicate with its insured in compliance with the conditions imposed by Florida's anti-technical statute, despite having recognized the applicability of that statute in prior claims by its insured.

25. Travelers' actions throughout its investigation, handling, and litigation of Ocean Reef's claim were in reckless disregard for Ocean Reef's rights.

26. Travelers has a general business practice of taking unfair and adverse positions to its insureds, including Ocean Reef on several claims made on the Policies, and by initiating litigation against its insureds in an effort to gain financial and strategic advantage over its insureds.

27.  <u>Damages</u>: As a direct and proximate result of Travelers' breach of its fiduciary and statutory duties under the Policy and Florida law, Ocean Reef suffered and continues to suffer damages.

28.  As a direct and proximate result of Travelers' breach of its fiduciary and statutory duties under the Policy and Florida law, Ocean Reef was compelled to retain the undersigned attorneys and agreed to pay them for their services herein.

WHEREFORE, Ocean Reef Charters, LLC demands judgment against Travelers Property Casualty Company of America for all damages allowable under Florida law, including compensatory and punitive damages under Fla. Stat. § 624.155; attorney's fees and costs incurred in this action; and any other relief the Court deems equitable and proper.

## TRIAL BY JURY

Ocean Reef Charters, LLC requests trial by jury of all issues so triable.

Dated this 15th day of September, 2023.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
smarino@vpm-legal.com
pmartinez@vpm-legal.com
**Benjamin S. Hassebrock, Esq.**
bhassebrock@vpm-legal.com
mgarcia@vpm-legal.com
*Counsel for Ocean Reef Charters, LLC*