UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81222-RAR

OCEAN REEF CHARTERS, LLC,

        Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

        Defendant.

_____/

**REPORT AND RECOMMENDATION ON MOTION TO DISMISS [ECF No. 9]**

    Plaintiff brings a one-count Amended Complaint alleging a statutory bad faith claim against its insurer. In 2017, Plaintiff's yacht was destroyed by Hurricane Irma. Defendant denied insurance coverage for the loss. In case number 18-81270, this Court ruled that Plaintiff was entitled to coverage and entered a judgment for more than the policy limit. Defendant has paid the judgment in full, including pre- and post-judgment interest. All that remains to be resolved in the underlying lawsuit is the amount of attorneys' fees and costs.

    Defendant moves to dismiss the Amended Complaint or in the alternative to strike the demand for punitive damages. It says (1) the bad faith claim is premature because the attorneys' fees and costs in the underlying case have not been determined, (2) the Amended Complaint is not factually specific enough to state a plausible bad faith claim or an entitlement to punitive damages, and (3) Plaintiff did

not satisfy the condition precedent of serving a Civil Remedy Notice (CRN) that met the requirements of Florida law.

## LEGAL PRINCIPLES

On a motion to dismiss under Rule 12(b)(6), the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the Rule 8(a)(2) pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Twombly*, 550 U.S. at 555 (citations omitted).

The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'" *Iqbal*, 556 U. S. at 678 (citing *Twombly*, 550 U. S. at 570). When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.").

With limited exceptions, the Court looks only to the allegations in the complaint, any documents appended to the complaint or incorporated by reference into it, and any judicially-noticed facts. *Reed v. Royal Caribbean Cruises Ltd.*, 618 F. Supp. 3d 1346, 1355 (S.D. Fla. 2022). The Court also may consider other documents whose authenticity is undisputed and which are central to the claims in this matter. *Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005).

**DISCUSSION**

A. *Ripeness*[1]

Defendant first argues that the Amended Complaint must be dismissed because the full amount of potential damages will not be determined until the Court rules on the motion for attorneys' fees and costs in the underlying case. Plaintiff responds that this claim is ripe because a final judgment has been entered in the underlying case. At oral argument, Plaintiff said it would not claim any awarded fees as damages in this bad faith action. It stopped short of saying it would not seek any *unawarded but accrued* fees as damages, here.

Viewed in the light most favorable to Plaintiff, the Complaint alleges a plausible claim for relief under Florida Statute § 624.155. In addition to alleging that Defendant wrongly denied coverage, it alleges that Defendant (1) initiated litigation without first fairly investigating and adjusting the insurance claim, ¶23, and (2) failed to communicate with its insured, ¶24. The Complaint also appends (and therefore incorporates by reference) the CRN, which contains a detailed discussion of a prior loss claim for the same vessel as well as further factual details about Defendant's alleged bad faith refusal to settle this claim. ECF No. 1-3 at 3-4.

The pending attorneys' fee motion does not prevent this bad faith claim from proceeding. "[A] statutory bad faith claim under section 624.155 is ripe for litigation when there has been (1) a determination of the insurer's liability for coverage; (2) a

---

[1] I use the term "ripeness" as shorthand for Defendants' argument that the statutory requirements for a bad faith claim have not been met. It is not a reference to the case or controversy requirements in Article III of the Constitution.

4

determination of the extent of the insured's damages; and (3) the required notice is filed pursuant to section 624.155(3)(a)." *Demase v. State Farm Fla. Ins. Co.,* 239 So. 3d 218, 221 (Fla. Dist. Ct. App. 2018). All of these requirements are met, here.

Should Ocean Reef ask for damages in the form of attorneys' fees not awarded in the underlying case, the Court can address that issue when/if it arises. In the meantime, there is no reason to stay or dismiss this bad faith claim. *See* Fed. R. Civ. P. 1.

B. *CRN*

Florida Statute § 624.155(1)(b) creates a civil remedy for an insured against an insurer for "[n]ot attempting in good faith to settle claims when, under all the circumstances, it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests." As a precondition to filing a bad faith claim, the insured must serve a CRN on the insurer. The insurer then has a 60-day safe harbor period to pay the claim or otherwise resolve the case. Fla. Stat. § 624.155(3)(c). The CRN must contain the following information:

> 1. The statutory provision, including the specific language of the statute, which the authorized insurer allegedly violated.
>
> 2. The facts and circumstances giving rise to the violation.
>
> 3. The name of any individual involved in the violation.
>
> 4. Reference to specific policy language that is relevant to the violation, if any. If the person bringing the civil action is a third party claimant, she or he shall not be required to reference the specific policy…
>
> 5. A statement that the notice is given in order to perfect the right to pursue the civil remedy authorized by this section.

Fla. Stat. § 624.155(3)(b).

Section 624.155 "must be strictly construed." *Talat Enterprises, Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000). The CRN must give sufficient notice for the insurer to understand with specificity what violation is alleged, so that the insurer can cure the violation within the safe harbor period. "[F]ailure to strictly comply with this specificity standard will not foreclose a statutory bad faith action where (1) Form DFS-10-363 contains a purely technical defect in the identifying information; ([2]) the insured substantially complied with the specificity standard; (3) the insurer received actual, fair notice in furtherance of the purpose of the statute's notice requirement; (4) and the insurer was not prejudiced by the technical defect." *Julien v. United Prop. & Cas. Ins. Co.*, 311 So. 3d 875, 879 (Fla. Dist. Ct. App. 2021) (quoting with approval *Pin-Pon Corp. v. Landmark Am. Ins. Co.*, 500 F. Supp. 3d 1336, 1346 (S.D. Fla. 2020) (J. Middlebrooks)).

Defendant argues that "the CRN in this case is defective as it failed to provide Complainants' Address, Complainant's E-mail address, Address of Insurer, failed to specify the capacity in which the Complainant intended to sue, and most importantly failed to provide a statement that notice was given in order to perfect the right to pursue the civil remedy authorized by Fla. Stat. § 624.155." ECF No. 9 at 9. However, Plaintiff checked the box at the top of the CRN which states: "The submitter hereby states that this notice is given in order to perfect the rights of the person(s) damaged to pursue civil remedies authorized by Section 624.155, Florida Statutes." ECF No. 1-3 at 1. The CRN identifies Plaintiff as the Insured and Complainant and provides

6

Plaintiff's counsel's name and address; although the CRN did not give an email address for Plaintiff, it included one for its counsel. ECF No. 1-3.

The CRN satisfied the statutory requirements with substantial compliance. It sufficiently notified Defendant that Plaintiff claimed Defendant was misapplying the captain and crew warranties. For example, it alleged, "At [the time Defendant filed the underlying action], Travelers had not attempted to comply with Fla. Stat. 627.409(2) (the anti-technical statute) by investigating the cause of loss. Travelers also had not yet investigated Ocean Reef's decision to re-hire an approved captain prior to the storm." ECF No. 1-3 at 4. Similarly, listing Plaintiff's counsel as the point of contact and providing accurate contact information did not make the CRN defective. Finally, Defendant does not argue that it was prejudiced by any defect in the CRN, nor does Defendant deny that it had actual notice of the claim.

C. *Punitive Damages*

Punitive damages are available under Section 624.155 only if

the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:

(a)   Willful, wanton, and malicious;
(b)   In reckless disregard for the rights of any insured; or
(c)   In reckless disregard for the rights of a beneficiary under a life insurance contract.

§624.155(5), Fla. Stat. (2017). "To establish that an insurer committed violations with such frequency as to indicate a general business practice, the insured must provide evidence of violations beyond his own claim. A claimant must show 'other acts' and

7

not necessarily 'other claims.'" *Lord v. FedNat Ins. Co.*, 363 So. 3d 1160, 1162–63 (Fla. Dist. Ct. App. 2023) (citations omitted).

Plaintiff has not pled sufficient facts entitled to the assumption of truth to state a plausible claim for punitive damages. The sole relevant allegations in the Complaint are:

- "Travelers actions throughout its investigation, handling, and litigation of Ocean Reef's claim were in reckless disregard for Ocean Reef's rights." ¶25.
- "Travelers has a general business practice of taking unfair and adverse positions to its insureds, including Ocean Reef on several claims made on the Policies, and by initiating litigation against its insureds in an effort to gain financial and strategic advantage over its insureds." ¶26.

These allegations fall short of stating a plausible claim under Section 624.155(5) that Travelers has acted in other cases "with such frequency as to indicate a general business practice" and that its acts are "[i]n reckless disregard for the rights of any insured." The statement that "Travelers has a general business practice of taking unfair and adverse positions to its insureds" is a mere recitation of an element of the cause of action without any explanation of what those adverse positions are, and why they are unfair. The Complaint references other claims by Ocean Reef, but lacks any details about those claims. Therefore, even viewed in the light most favorable to

8

Ocean Reef, the allegations in the Complaint fail to plausibly imply a general business practice that is in reckless disregard for the rights of Travelers' insureds.

The Motion to Dismiss should be granted as to the claim for punitive damages. That dismissal should be without prejudice. It would not be futile for Ocean Reef to seek leave to file an amended complaint that supplements the facts in support of punitive damages. *See Bryant v. Dupree,* 252 F. 3d 1161, 1163 (11th Cir. 2001).

## RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court DENY in PART and GRANT in PART the Motion to Dismiss (ECF No. 9) without prejudice.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 6th day of December, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE