UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81222-RAR

**OCEAN REEF CHARTERS, LLC,**

    Plaintiff,

v.

**TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,**

    Defendant.
_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Reinhart's Report and Recommendation ("Report"), [ECF No. 21], entered on December 6, 2023. The Report recommends that the Court grant in part and deny in part Defendant Travelers Property Casualty Company of America's ("Travelers") Motion to Dismiss ("Motion"), [ECF No. 9]. *See generally* Report. The Report properly notified the parties of the right to object to Magistrate Judge Reinhart's findings. *Id.* at 9–10. Plaintiff Ocean Reef Charters, LLC ("Ocean Reef") filed a Notice of No Objections to the Report, [ECF No. 22], on December 8, 2023. Defendant Travelers filed a Notice of No Objections to the Report, [ECF No. 32], on December 26, 2023. Both parties have thus indicated that they do not intend to object to the Report.

When a magistrate judge's "disposition" has been properly objected to, a district court must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme

Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (emphasis in original; alterations added)). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court need not conduct a *de novo* review. Rather, the Court need only review the Report for clear error. Having done so and finding no error—as well as agreeing with the Report's analysis—it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report, [ECF No. 21], is **AFFIRMED AND ADOPTED**.

2. Defendant's Motion to Dismiss, [ECF No. 9], is **GRANTED IN PART AND DENIED IN PART**.

3. Plaintiff's claim for punitive damages is **DISMISSED** *without prejudice and with leave to amend.*

4. If Plaintiff Ocean Reef seeks to reassert its claim for punitive damages, it shall file an Amended Complaint that supplements the facts in support of punitive damages as noted in the Report within **fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** in Miami, Florida, this 28th day of December, 2023.

_____
RODOLFO A. RUIZ II
UNITED STATES DISTRICT JUDGE