UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81222-RAR

OCEAN REEF CHARTERS, LLC,

    *Plaintiff*,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    *Defendant*.

_____/

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME

Ocean Reef Charters, LLC opposes Travelers Property Casualty Company of America's Motion for Enlargement of Time, ECF No. 61, as yet another unnecessary delay in these proceedings.

### BACKGROUND

This dispute arises from Travelers' wrongful denial of coverage for the total loss of Ocean Reef's yacht, the M/Y My Lady, which sank in September 2017 during Hurricane Irma. Travelers initially tried to avoid Florida law by suing Ocean Reef in the Western District of New York on September 26, 2017, sixteen days after Hurricane Irma. Travelers' forum-shopping failed when the New York court transferred venue to this Court, stating that "the choice-of-laws analysis disfavors New York and favors the State of Florida." *See Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 71 F.4th 894, 901 (11th Cir. 2023).

The matter proceeded through litigation in this district for the next six years, including two stops at the Eleventh Circuit. Travelers ultimately lost and was required to compensate Ocean Reef for the loss of the insured vessel. *Id.* at 898. The litigation over the attorney's fees and costs owed

by Travelers continues, but has been delayed by Travelers' refusal to adhere to the Court's rules and deadlines. *See, e.g.*, *Travelers Property Casualty Co. of Am. v. Ocean Reef Charters LLC*, No. 9:18-cv-81270, ECF No. 252 (S.D. Fla. Jan. 26, 2024).

Ocean Reef filed this bad faith action on September 1, 2023. Almost six months later, there is no answer to the Amended Complaint (because Travelers filed a second motion to dismiss concerned only with the punitive damages claim, declining to otherwise answer the allegations). There are 61 docket entries in this case, many of which involve Travelers seeking (or being graciously granted) more time to comply with its deadlines and obligations under the Rules and Orders. And on the date that Travelers was ordered to do that which it should have done in early December 2023, Travelers is seeking to further delay the proceedings.

## ARGUMENT

"The Local Rules and this Court's orders are not a suggestion." *Bonilla v. Librati*, No. 1:21-cv-21588-KMM, 2022 WL 2805285, *3 (S.D. Fla. June 6, 2022). On February 5th, following a discovery hearing, this Court ordered Travelers to confer regarding its privilege log and provide an updated log by 5:00 p.m. today. ECF No. 58. This morning, Travelers' counsel notified the undersigned that they have not yet obtained the responsive documents, and Travelers now requests an additional two weeks to comply. Travelers' motion should be denied, and its privilege objections should be waived.

Plaintiff served its First Request for Production on November 8, 2023, 104 days ago. Travelers' initial December 28th response – after an agreed two-week extension – asserted privilege objections but did not include a privilege log. During a January 3rd conferral, Travelers agreed to amend its responses and provide a privilege log. When Travelers did not respond by January 26th, Ocean Reef contacted this Court to request a discovery hearing. This request

prompted Travelers to produce a privilege log on January 30th, the day before Travelers' deposition, but this log was *identical to the 2019 log* originally produced in the parties' coverage litigation. At deposition, after Travelers' representative was asked about the scope of this privilege log, Travelers' counsel advised that the log *was deficient when it was first produced* because it did not disclose documents from 2018 that were previously withheld (nor had it been updated to identify responsive documents through the 2021 Final Judgment).

In short, Travelers made no reasonable effort to identify responsive documents and produce an appropriate privilege log for documents withheld.[1] ECF No. 56. Even today, Travelers' acknowledges that it has *not yet gathered* the responsive documentation to assess privilege objections, and asks to push its deadline to identify privileged documents over four months from the date Plaintiff's discovery request was served.

Travelers' serial discovery delays have substantially impeded progress in this case and prejudice Ocean Reef's ability to prepare its case in compliance with this Court's scheduling order, ECF No. 27. The parties are presently scheduled to exchange expert reports on June 25th, with discovery closing less than a month later on July 23rd. Travelers' incomplete privilege log already raises improper work product privilege objections that will likely require motion practice, and Travelers has yet to disclose whether it will assert an advice-of-counsel defense. If Travelers is permitted to continue delaying its basic obligation to gather and produce the entire scope of its claim file and communications through the 2021 Final Judgment, Ocean Reef's expert will not have sufficient time to review and produce a report by June 25th, jeopardizing the Court's July 23rd discovery deadline, August 6th dispositive motion filing deadline, and ultimately the

---

[1] In the parties' February 2nd Joint Discovery Memorandum, Travelers' counsel identified no attempt to update its 2019 privilege log, and acknowledged "newly discovered materials" at the January 31st deposition that required amendment. *See* ECF No. 56 at 5-6.

3

November 2024 trial date. Ocean Reef respectfully submits that Travelers' motion should be denied, all privilege objections (outside the existing privilege log) should be waived, and all responsive documentation should be immediately produced.

## **CONCLUSION**

For the reasons stated herein, Ocean Reef respectfully requests an Order denying Travelers' Motion for Enlargement of Time, and granting any other relief the Court deems equitable, including finding a waiver of any claimed (but as yet unsubstantiated) claims of privilege.

Respectfully Submitted,

VER PLOEG & MARINO, P.A.
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 *facsimile*

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**
Florida Bar No. 79170
smarino@vpm-legal.com
pmartinez@vpm-legal.com
**Benjamin S. Hassebrock, Esq.**
bhassebrock@vpm-legal.com
mgarcia@vpm-legal.com
**Kimberley P. Ver Ploeg, Esq.**
Florida Bar No. 1036957
kverploeg@vpm-legal.com
*Counsel for Ocean Reef Charters, LLC*

CASE NO. 9:23-81222-RAR

## **CERTIFICATE OF SERVICE**

**I hereby certify** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF on this 20th day of February 2024 on all counsel of record.

/s/ Stephen A. Marino, Jr.
**Stephen A. Marino, Jr., Esq.**

**SERVICE LIST**
**Case No.: 9:23-cv-81222-RAR**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Richard J. McAlpin, Esq. | Stephen A. Marino, Jr., Esq. |
| rmcalpin@mfm-maritime.com | smarino@vpm-legal.com |
| dfondeur@mfm-maritime.com | pmartinez@vpm-legal.com |
| Stephanie Cardell, Esq. | Benjamin C. Hassebrock, Esq. |
| scardelle@mfm-maritime.com | bhassebrock@vpm-legal.com |
| mmorales@mfm-maritime.com | mgarcia@vpm-legal.com |
| Magbis Sanchez, Esq. | Kimberley P. Ver Ploeg, Esq. |
| msanchez@mfm-maritime.com | kverploeg@vpm-legal.com |
| McALPIN FLOREZ MARCOTTE | VER PLOEG & MARINO, P.A. |
| 80 S.W. 8th Street, Suite 2805 | 100 S.E. Second Street, Suite 3300 |
| Miami, Florida 33130 | Miami, FL 33131 |
| 305-810-5400 | 305-577-3996 |
| 305-810-5401 *facsimile* | 305-577-3558 *facsimile* |
| *Counsel for Travelers* | *Counsel for Ocean Reef Charters, LLC* |