UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 23-CV-81222-RAR

OCEAN REEF CHARTERS, LLC,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

Defendant.
_____/

**DEFENDANT'S REPLY AND MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendant, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA (hereinafter "Travelers"), by and through its undersigned attorneys, pursuant to Federal Rules of Civil Procedure 12(b), hereby files this Reply and Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Second Amended Complaint [D.E. 38], and states as follows:

**MEMORANDUM OF LAW**

a. **Despite Plaintiff's Contention, Plaintiff's Second Amended Complaint Pleads Conclusory Allegations Which Cannot Support a Claim for Punitive Damages.**

Plaintiff contends that the Second Amended Complaint consists of sufficient factual allegations to uphold Defendant's alleged general business practice and validate the claim for punitive damages under Florida Statute §624.155(8). However, this assertion is unfounded, as Plaintiff's new allegations are merely conclusory, speculative, and lack specific factual support. This is especially evident in the allegations aimed at establishing Defendant's general business practice.

The substantive pleading requirements for punitive damages in Fla. Stat. § 768.72 remain intact even when read in conjunction with Fed. R. Civ. P. 8(a)(2). *Porter v. Ogden, Newell, & Welch,* 241 F.3d 1334, 1340-41 (11th Cir. 2001) ("Under Florida law, merely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive damages. Instead, a plaintiff must plead specific acts committed by a defendant.") (internal citations omitted). The standard articulated in *Porter* is consistent with the *Twombly-Iqbal* pleading standard, in that they both call for more than legal conclusions. Simply, *Poter* established that the claim for punitive damages must be supported by specific acts committed by the defendant, and not just conclusory allegations.

First, paragraph 26 of Plaintiff's Second Amended Complaint[1] is conclusory because it fails to provide specific factual details to support its assertion. While it mentions Travelers' alleged admission, in the underlying case, regarding the lack of adoption and implementation of standards for investigating claims involving anti-technical statutes, it doesn't explain how this absence directly violates the specific requirements outlined in Fla. Stat. § 626.9541(1)(i)3a. Without specifying how Travelers' actions or inactions constitute a breach of the statute, the allegation remains broad and conclusory, merely asserting a violation without substantiating it with specific factual allegations. Moreover, within Plaintiff's response, Plaintiff attempts to improperly stretch paragraph 26 to support that such an alleged failure to adopt and implement standards necessarily constitutes a general business practice without demonstrating how this alleged practice is widespread or systemic within Travelers' operations.

Paragraphs 27 through 29 are arguably the most conclusory and lacking in factual substance among the allegations. Despite the Plaintiff's argument, these paragraphs brought forth

---

[1] The assertion that Travelers testified to not having standards for proper investigation is misleading and incorrectly construes Travelers' testimony in the underlying case.

conclusory speculative statements unanchored to supporting facts beyond the boilerplate allegation "upon information and belief." None of these allegations offer specific factual information to support the claim that Defendant behaved similarly towards other insureds. Instead, they are general assertions implying that Defendant may have acted similarly in other instances. Such generalization falls short of meeting the required pleading standard and does not even come close to meeting the "specific acts" requirements in *Porter.* This is evident by Honorable Judge Richard Smoak's ruling in *316, Inc. v. Md. Cas. Co.,* 625 F. Supp. 2d 1179 (N.D. Fla. 2008), which Plaintiff failed to address within its response. Again in *316, Inc. v. Md. Cas. Co.* the plaintiff brought forth similar allegations to substantiate its claim for punitive damages and support the alleged general business practice of the defendant. *Id.* Upon examination of the allegations, the court found that the plaintiff had only brought "vague allegations of Defendant's "unfair" and "bad faith claims handling practices and procedures." *Id* at 1184. The court further noted that:

> Further, the allegations in paragraphs 28 and 29 relating to Defendant's "general business practices" are based solely upon Plaintiff's "information and belief." Plaintiff sets forth no further information to "factually suggest" that its characterization of Defendant's alleged wrongful conduct as a "general business practice" is "plausible," as Twombly requires.

*Id*. Here, Plaintiff has presented similarly deficient allegations, providing no specific factual information to support the assertion that Defendant's alleged wrongful conduct constitutes a plausible "general business practice." All three allegations are completely devoid of specific facts. Such conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard. *Great Lakes Ins. SE v. 305 Event Prod. LLC*, No. 21-cv-20251-ALTONAGA/DAMIAN, 2023 U.S. Dist. LEXIS 18535, at *16 (S.D. Fla. Feb. 3, 2023)("allegations based "[u]pon information and belief" are insufficient where, as here, the

allegations are not supported by specific facts."); *Smith v. City of Sumiton,* 578 Fed. Appx. 933, 936 at n.4 (11th Cir. 2014)("for purposes of a Rule 12(b)(6) motion to dismiss, we do not have to take as true allegations based merely 'upon information and belief.'"); *Hara v. Curaleaf, Inc*., No. 23-CV-81271-AMC, 2023 U.S. Dist. LEXIS 220117, at *5 (S.D. Fla. Dec. 11, 2023) ("Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth."). Plaintiff's allegations are not akin to those found in *Sandpiper Isle Condominium Assn., Inc. v. Empire Indem. Ins*. Co., 2021 WL 9244085 (M.D. Fla. Oct. 18, 2021). In *Sandpiper*, the plaintiff provided specific factual allegations to substantiate its claim for punitive damages and to support the defendant's alleged general business practice. Plaintiff has failed to do so here.

Finally, Paragraph 30 of the Second Amended Complaint relies solely on two previous allegations from insured parties, claiming that Defendant engaged in similar conduct. However, relying solely on previous allegations is inadequate without additional facts supporting that Defendant did indeed commit the alleged acts. Simply, such allegations without any factual support to demonstrate that the Defendant has engaged in similar "bad faith" conduct towards other insured parties, aside from the Plaintiff, is not enough. It's important to clarify that to assert a general business practice, the Plaintiff must present specific instances of the insurer's bad faith actions that are not connected to the particular insurance claim under consideration. *Fox Haven of Foxfire Condo. IV Ass'n v. Nationwide Mut. Fire Ins. Co.,* No. 2:13-cv-399-FtM-29CM, 2015 U.S. Dist. LEXIS 18758, at *14-15 (M.D. Fla. Feb. 17, 2015). Merely citing past allegations against the Defendant does not establish a pattern of general business practice, as allegations do not equate to proven misconduct. Pleading a general business practice requires specific factual acts beyond mere assertions or previous claims. *Cf. Howell-Demarest v. State Farm Mut. Auto. Ins.* Co., 673 So. 2d 526, 529 (Fla. 4th DCA 1996) (evidence of instant claim and three other reported cases

against insurer insufficient to establish a general business practice for purposes of punitive damages); *contra Hogan v. Provident Life & Accident Ins. Co.*, 665 F. Supp. 2d 1273, 1289 (M.D. Fla. 2009) (finding that the insured adequately pled claim for punitive damages by stating that the insurer committed acts of bad faith in more than 4,000 other claims); *See Kafie v. Nw. Mut. Life Ins. Co.,* No. 11-21251, 2011 U.S. Dist. LEXIS 109849, 2011 WL 4499051, at *12 (S.D. Fla. Sept. 27, 2011) (dismissing punitive damages claim for failure to satisfy the requirements of Florida Statute § 624.155, noting that the allegation that at least ten Florida claimants filed civil remedy notices "by itself does not provide enough factual matter" to support a punitive damages claim and explaining that "the Court has no way of knowing whether ten CRNs in four years is indeed frequent"); *Webster v. Fulton County*, 51 F. Supp. 2d 1354 ("the mere fact that claims have been denied is not relevant to whether [the carrier] has engaged in unfair settlement practices as a general business practice"); *Fox Haven of Foxfire Condo. IV Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2015 U.S. Dist. Lexis 18758, *14 (M.D. Fla. Feb. 17, 2015) ("Typically, a plaintiff establishes a general business practice [*16] by demonstrating that the insurer also acted in [bad] faith when evaluating numerous other claims."). Paragraph 30 fails to provide specific factual details to demonstrate that the Defendant's wrongful conduct occurred beyond the instances involving the Plaintiff. Consequently, Paragraph 30 cannot establish Defendant's general business practice, necessitating the dismissal of Plaintiff's claim for punitive damages. *Niagara Distributors, Inc. v. Northern Ins. Co*., 2010 U.S. Dist. Lexis 152056, *3 (S.D. Fla. Oct. 22, 2010) (dismissing claim for punitive damages because "the Complaint is devoid of any specific facts whatsoever relating to any conduct by Defendant in regard to any insured other than Plaintiff").

      In conclusion, the new paragraphs introduced within Plaintiff's Second Amended Complaint, particularly paragraphs 26 through 30, lack sufficient support to substantiate a claim

for punitive damages. A clear demonstration of a general business practice has not been adequately alleged, as specific factual allegations beyond the Plaintiff's instances have not been provided. Therefore, the claim for punitive damages based on such allegations is not supported and Plaintiff's claim for punitive damages must be dismissed.

    **b. Plaintiff's Allegations Do Not Support a Finings that Defendant Acted Willfully or in Reckless Disregard of Its Insureds' Rights.**

Plaintiff seemingly acknowledges its failure to factually plead that Defendant acted willfully or in reckless disregard for its insureds' rights. However, despite this recognition, Plaintiff further argues that allegations in the Second Amended Complaint are sufficient to infer such conduct on the part of the Defendant.

Plaintiff's attempt to inaccurately represent Defendant's testimony in the underlying case is misleading to the Court, as Defendant has never asserted, nor will it testify, that it lacked "proper" standards for investigating claims. This misrepresentation grossly distorts the testimony presented in the underlying case. Moreover, the allegation that Defendant failed to adopt or implement standards for investigating claims involving anti-technical statutes does not necessarily imply that Defendant acted in willful or reckless disregard for Plaintiff's rights or its insureds' rights. The absence of a specific procedure or standard does not support a factual allegation that Defendant acted willfully or in reckless disregard of such rights. The presence of one does not necessitate the existence of the other. Instead, there must be factual allegations linking the two. In this case, the Second Amended Complaint lacks any specific factual allegations connecting the lack of procedure to Defendant's alleged willful and reckless disregard of insureds' rights. *Porter v. Ogden, Newell & Welch*, 241 F.3d 1334, 1341 (11th Cir. 2001) ("A plaintiff must plead specific acts committed by a defendant" in order to state a claim for punitive damages and "[m]erely setting forth conclusory allegations in the complaint is insufficient to entitle a claimant to recover punitive

damages."). The current allegations do not infer Defendant's willful or reckless disregard of additional insureds' rights, other than the Plaintiff. As such, Plaintiff has failed to state a claim for punitive damages.

## CONCLUSION

Plaintiff's claim for punitive damages in its Second Amended Complaint should be dismissed due to a lack of specific facts demonstrating a systemic, ingrained general business practice of willful, wanton, and malicious conduct or reckless disregard for the rights of Defendant's insureds. Plaintiff's assertions regarding "general business practice" acts are merely bare, conclusory, and speculative statements, failing to establish bad faith conduct, let alone conduct occurring with such frequency as to constitute a general business practice. Additionally, Plaintiff fails to provide factual allegations supporting that Travelers' acts were willful, wanton, malicious, or done in reckless disregard of the insureds' rights, as required by Fla. Stat. § 624.155(8).

WHEREFORE, Defendant, Travelers Property Casualty Company of America, respectfully requests that this Honorable Court enter an order dismissing Plaintiff's Second Amended Complaint [D.E. 38], specifically, Plaintiff's claim for punitive damages, in addition to any further relief this Court deems just and equitable.

**Respectfully submitted,**

**McALPIN FLOREZ MARCOTTE, P.A.**
*Counsel for Defendant*
80 Southwest 8th Street, Suite 2805
Miami, Florida 33130
Telephone: 305-810-5400
Facsimile: 305-810-5401

By: */s/ Richard J. McAlpin*
    Richard J. McAlpin, Esq.
    Florida Bar No.: 438420

rmcalpin@mfm-maritime.com  
Stephanie Cardelle, Esq.  
Florida Bar No.: 1025336  
scardelle@mfm-maritime.com  
ainfante@mfm-maritime.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 20, 2024, the foregoing document is being served this day on all counsel of record identified on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

## **SERVICE LIST**

Stephen A. Marino, Jr.  
Florida Bar No. 79170  
smarino@vpm-legal.com  
Benjamin C. Hassebrock  
Florida Bar No. 76504  
bhassebrock@vpm-legal.com  
VER PLOEG & MARINO, P.A.  
100 S.E. Second Street, 30th Floor  
Miami, FL 33131 3  
05-577-3996 Telephone  
305-577-3558 facsimile  
Counsel for Ocean Reef Charters, LLC