UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 23-CV-81222-RAR

OCEAN REEF CHARTERS, LLC,

            Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

            Defendant.
_____/

## REPORT AND RECOMMENDATION ON
## MOTION TO DISMISS AMENDED COMPLAINT [ECF No. 53]

After getting a judgment in excess of its insurance policy limits, Plaintiff filed a statutory bad faith claim against its insurer. Defendant has paid the judgment in full, including pre- and post-judgment interest. Plaintiff is now seeking compensatory and punitive damages along with attorneys' fees and costs. The Court previously held that the First Amended Complaint did not plead a plausible claim for punitive damages but gave Ocean Reef leave to try again. ECF No. 34. This is round two.

### LEGAL PRINCIPLES

A. *Failure to State a Claim*

Federal Rule of Civil Procedure 8(a)(2) says a complaint states a claim for relief only if it "contain[s] a short and plain statement of the claim *showing that the pleader is entitled to relief.*" Fed. R. Civ. P 8(a)(2) (emphasis added). A party attacks the sufficiency of the pleading by filing a motion to dismiss under Rule 12(b)(6). In

resolving that challenge, the Court must view the well-pled factual allegations in a claim in the light most favorable to the non-moving party. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). Viewed in that manner, the factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the claim are true (even if doubtful in fact). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

While a claim "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.*; *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor can a claim rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U. S. at 678 (quoting *Twombly*, 550 U. S. at 557 (alteration in original)). In sum, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U. S. at 678 (citing *Twombly*, 550 U. S. at 570).

When evaluating a motion to dismiss under Rule 12(b)(6):

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U. S. at 679. Factually unsupported allegations based "on information and belief" are not entitled to the assumption of truth. *See Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) (J. Altonaga) ("Conclusory allegations made upon information and belief are not entitled to a

2

presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard."). These pleading standards apply to a request for punitive damages. *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 2685632, at *12 (S.D. Fla. June 30, 2021) (J. Rosenberg).

B. *Punitive Damages*

Under Florida law, punitive damages are available in a bad faith insurance case only if:

> the acts giving rise to the violation occur with such frequency as to indicate a general business practice and these acts are:
>
> (a)   Willful, wanton, and malicious;
>
> (b)   In reckless disregard for the rights of any insured; or
>
> (c)   In reckless disregard for the rights of a beneficiary under a life insurance contract.

§624.155(5), Fla. Stat. (2017). "To establish that an insurer committed violations with such frequency as to indicate a general business practice, the insured must provide evidence of violations beyond his own claim." *Lord v. FedNat Ins. Co.*, 363 So. 3d 1160, 1162–63 (Fla. Dist. Ct. App. 2023). Punitive damages must be proven by clear and convincing evidence. *Pozzi Window Co. v. Auto-Owners Ins.,* 446 F.3d 1178, 1189 n.6 (11th Cir. 2006).

More generally, under Florida law, "no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Fla. Stat. § 768.72.

C. *Anti-Technical Statute*

Florida Statute §627.409(2) says:

> (2) A breach or violation by the insured of a warranty, condition, or provision of a wet marine or transportation insurance policy, contract of insurance, endorsement, or application does not void the policy or contract, or constitute a defense to a loss thereon, unless such breach or violation increased the hazard by any means within the control of the insured.

In sum, an insurer cannot deny coverage "on a technical omission playing no part in the loss." *Pickett v. Woods,* 404 So. 2d. 823, 824-25 (Dist. Ct. App. 1981) *cited in Travelers Prop. Cas. Co. of Am. v. Ocean Reef Charters LLC*, 996 F.3d 1161, 1170 (11th Cir. 2021). Florida law makes it an unfair claim settlement practice to have a general business practice of failing to adopt and implement standards for the proper investigation of claims. Fla. Stat. §626.9541(1)(i)(3)(a).

## DISCUSSION

The Second Amended Complaint now includes the following allegations that purport to state a claim for punitive damages:

26. In the preceding breach of contract action, Travelers testified that it has not adopted or implemented standards for the proper investigation of claims where anti-technical statutes may apply, as required by Fla. Stat. § 626.9541(1)(i)3a.

27. Upon information and belief, as a general business practice, Travelers does not properly investigate claims involving a breach of warranty under anti-technical statutes because of its admitted failure to adopt and implement appropriate standards for such investigations.

28. Upon information and belief, as a general business practice, Travelers denies claims without conducting reasonable investigations into the protections afforded by anti-technical statutes, as prohibited by Fla. Stat. § 626.9541(1)(i)3d, because of its admitted failure to adopt and implement appropriate standards for such investigations.

29. Upon information and belief, Travelers violates Fla. § 626.9541(1)(i)3f as a general business practice – failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement – where anti-technical statutes apply, because of its admitted failure to adopt and implement appropriate standards for such investigations.

30. Since 2021, at least two other Travelers' policyholders – Zayne Acquisitions, LLC and Party Book Hill Park, LLC – have publicly alleged that Travelers engaged in similar bad faith conduct, including the failure to properly investigate claims before denial or underpayment.

Travelers argues that the SAC must meet the substantive pleading standards of both Rule 8(a)(2) and Florida law. That is, it must plead both a plausible claim for, and a reasonable basis for, awarding punitive damages. I need not resolve whether both standards apply, or whether the Florida standard raises the bar above the requirements of Rule 8(a), because the SAC fails to meet the Rule 8(a) standard.

The sole allegations in the SAC entitled to the assumption of truth are paragraphs 26 and 30. Paragraph 26 merely recites the elements of a statutory unfair claims settlement practice without providing any factual detail about specific trial testimony or about what specific required procedures have not been implemented or why Travelers did not implement them. So, it does not exclude the equally plausible conclusion that Travelers has acted negligently rather than with the higher *mens rea* needed for punitive damages. *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010) (citing *Iqbal*, 556 U.S. at 682) ("courts may infer from factual allegations in the complaint obvious alternative explanations, which suggest lawful conduct rather than the unlawful conduct that plaintiff would ask the court to infer."). Therefore, even viewed in the light most favorable to Ocean Reef, Paragraph 26 does not plausibly imply willful, wanton, and malicious behavior nor a reckless disregard for insureds' rights.

Paragraph 30 cites two other cases where claims were denied based on "similar bad faith conduct, including the failure to properly investigate claims before denial or underpayment." The allegation of "similar bad faith conduct" is a legal conclusion not a fact. And the allegation that an insurer failed to properly investigate a claim, standing alone, does not necessarily imply willful, wanton, or malicious behavior, or reckless disregard for the rights of its insureds. Moreover, two other instances of conduct are not sufficient to plausibly allege a general business practice. *Howell-Demarest v. State Farm Mut. Auto Ins. Co.,* 673 So.2d 526, 528 (Fla. Dist. Ct. App.

1996) (three other similar instances of conduct did not show sufficient general business practice for punitive damages).

Finally, Ocean Reef says, in a footnote, "Ocean Reef recently deposed Travelers' representative in this case and has identified additional facts supporting its punitive damages claim. *If this Court finds the current allegations insufficient to permit a punitive damages claim for any reason, Ocean Reef respectfully requests another opportunity to amend.*" ECF No. 60 at 8 n.2 (emphasis added). This kind of "heads I win, tails you lose" request is not procedurally proper. "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." *Posner v. Essex Ins. Co.*, 178 F.3d 1209, 1222 (11th Cir. 1999). If Ocean Reef wants leave to file a Third Amended Complaint, it must file a separate motion that attaches the proposed amended pleading. *See* S.D. Fla. Local Rule 15.1.

## REPORT AND RECOMMENDATION

Accordingly, this Court **RECOMMENDS** that the District Court GRANT the Motion to Dismiss the punitive damages claim. ECF No. 53.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Rodolfo A. Ruiz II, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall

constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and ORDERED** in Chambers this 26th day of February, 2024, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE