UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 9:23-81222-CIV-RAR

OCEAN REEF CHARTERS, LLC,

    *Plaintiff*,

v.

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    *Defendant*.

_____/

## OBJECTION TO MAGISTRATE JUDGE'S JUNE 7, 2024 ORDER

Plaintiff, Ocean Reef Charters, LLC., pursuant to Fed. R. Civ. P. 72 and M.D. Mag. Judge L. R. 6.02, objects to Judge Reinhart's Order denying Ocean Reef's Motion to Compel the production of documents Travelers has withheld as privileged, ECF No. 102.

## BACKGROUND

This discovery dispute concerns two categories of documents found on Travelers' privilege log. After a lengthy dispute,[1] Judge Reinhart conducted an *in camera* review and issued a paperless order denying Ocean Reef's Motion to Compel (ECF No. 85) and finding – absent explanation – that "the privilege has been properly asserted." ECF No. 102. Ocean Reef objects because the record evidence does not support Travelers' privilege claims.

First, Ocean Reef seeks discovery of 88 documents on Travelers' privilege log generated between the inception of the underlying insurance claim on September 13, 2017 and Travelers'

---

[1] The details of the parties' dispute, which include Travelers' violation of a discovery order, are set forth in Ocean Reef's Motion to Compel.

November 9, 2017 coverage denial. ECF No. 97-1 at 1-5. The disputed documents are highlighted in yellow (communications between Travelers' personnel and its in-house counsel) and orange (communications between Travelers' personnel and outside counsel).

The privilege log reveals that Travelers' adjuster elevated this claim to in-house counsel within the first 24 hours, and Travelers contacted outside counsel to participate in this claim within the next 24 hours. Fifty-seven days then elapsed before Travelers sent a written claim denial to Ocean Reef. During that time, according to the privilege log entries, both in-house counsel and outside counsel were actively involved with investigating the claim, making the decision to deny coverage, and communicating with Ocean Reef. Travelers' coverage denial is accompanied by a claim note with the heading "Sens[itive] [Defense Counsel Communication] Full Denial of Claim," and Travelers' claim supervisor confirmed in writing that the denial was issued with "consultation of coverage counsel." ECF No. 85-3 at 2.

All of these documents are discoverable, and Travelers' privilege must be overruled, for two reasons: (1) both in-house and outside counsel were performing business functions by participating in the investigation and claim denial; and (2) Travelers relies on the "totality of the circumstances" – including the legal advice obtained – to defend its claims handling conduct, and thus cannot shield the legal advice obtained on the grounds of privilege. Judge Reinhart's order upholding Travelers' privilege claims over these documents is clear error and should be set aside.

Second, Ocean Reef seeks production of 17 documents on Travelers' privilege log, highlighted in purple, that either reference other claims potentially similar to Ocean Reef or were disseminated to Travelers' employees not presently known to have any relationship with Ocean Reef's claim. ECF No. 97-1 at 25-27, 34. At the parties' May 20, 2024 hearing, Judge Reinhart invited Travelers to submit evidence supporting its privilege claims for these documents, saying

that: "on the current record, there is no evidence before me that these are privileged. And so, you would lose." Ex. A, Hr'g Tr. at 9:23-24. Travelers did not submit any additional evidence, yet after *in camera* review, Judge Reinhart's sustained Travelers' privilege objections without identifying any record evidence supporting the privilege. Judge Reinhart's order is clear error and should be set aside because the record does not support Travelers' privilege claims over these 17 documents.

## LEGAL STANDARD

When a magistrate judge determines a pretrial, non-dispositive issue, a party may object to the district court judge assigned to the case. On timely objection, the district court judge must modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a).

## ARGUMENT

### I.  Travelers' communications with counsel before the November 9, 2017 coverage denial are discoverable.

Judge Reinhart's order upholding privilege claims over Travelers' communications with in-house and outside counsel before its November 9, 2017 coverage denial is clear error and should be set aside for two reasons. First, the 88 disputed communications on Travelers' privilege log establishes that both in-house and outside counsel were involved in Travelers' routine business functions of investigating the claim, making the decision to accept or deny coverage, and communicating with the insured. Second, Travelers' asserts the "totality of the circumstances" – including its decision to secure legal advice – as a defense to this action, and cannot simultaneously withhold that legal advice from discovery on grounds of attorney-client privilege.

> *A. Travelers' counsel performed ordinary business functions that are not protected by attorney-client privilege.*

The decision to pay or deny an insurance claim is part of an insurer's ordinary business function, and Travelers' had a good faith duty to timely provide a written claim decision to Ocean Reef. Fla. Stat. § 626.9541(1)(i)3f (insurer must "promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement"). It is well-settled, in Florida and elsewhere, that insurers cannot rely on an attorney to perform these ordinary business functions and then claim attorney-client privilege to shield the attorney's work from discovery. *E.g.*, *Cutrale Citrus Juices USA, Inc. v. Zurich Am. Ins. Grp.*, No. 5:03-CV-420-OC-10GRJ, 2004 WL 5215191, at *3 (M.D. Fla. Sept. 10, 2004) ("to the extent that an attorney acted as a claims adjuster, claims process supervisor, or claim investigations monitor, and not as a legal adviser for Defendants, the attorney-client privilege would not apply and any documents responsive to Plaintiff's request to produce would have to be disclosed"); *see also Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 602 (8th Cir. 1977); *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991).

Applying this principle, courts have held that the attorney-client privilege does not shield an attorney's opinion about whether the insurer should pay or deny a claim:

> The record shows that the insurance companies retained counsel to provide a coverage opinion, i.e. an opinion as to whether the insurance companies should pay or deny the claims. Further, the record shows that counsel were primarily engaged in claims handling—an ordinary business activity for an insurance company. Documents prepared in the ordinary course of an insurer's investigation of whether to pay or deny a claim are not privileged, and do not become so merely because the investigation was conducted by an attorney.

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. TransCanada Energy USA, Inc.*, 119 A.D.3d 492, 493, 990 N.Y.S.2d 510, 511–12 (2014) (quotation omitted). And Travelers is well aware that attorney-client privilege cannot shield counsel's participation in drafting coverage communications to its policyholder. *Travelers Prop. Cas. Co. of Am. v. 100 Renaissance*, LLC,

308 So. 3d 847, 857 (Miss. 2020) ("if the claims handler relied substantially, if not wholly, on in-house counsel to prepare her denial letter, the reasoning of in-house counsel should be discoverable") (emphasis omitted); *see also Canyon Estates Condo. Ass'n v. Atain Specialty Ins. Co.*, No. 2:18-CV-1761-RAJ, 2020 WL 363379, at *1 (W.D. Wash. Jan. 22, 2020) ("Assisting an adjustor in writing a denial letter is not a privileged task.") (quotation omitted).

It is abundantly clear that Travelers substantially (if not wholly) relied on counsel to investigate and deny this claim. The privilege log shows that on September 13, 2017 – the day after receipt of this claim – Travelers' assigned adjuster (Joseph Grenzebach) reached out to in-house counsel (Christopher Perry) and two other claims managers (Mark Smieya & Terence Harris) to discuss the loss. Ex. A at 2. This was a general business practice: Mr. Grenzebach testified that any claim involving a breach of warranty would be elevated to management and then likely referred to in-house counsel. Ex. B, Grenzebach dep, 80:12 – 81:8; 82:20 – 83:4.

The very next day, Mr. Perry sought to engage outside counsel at Duane Morris on this claim. ECF No. 97-1 at 1, ESIDocset_0000001740. Fifty-seven days then elapsed before Travelers sent a written claim denial to Ocean Reef on November 9th. During this time, both in-house counsel and outside counsel were actively involved with investigating the claim, making the decision to deny coverage, and communicating with Ocean Reef. The privilege log entries reflect counsel's active participation in the claim investigation, coverage analysis, and policyholder communications, and many descriptions of withheld documents fail to indicate (or substantiate) that any substantive legal advice was provided – e.g., "communications between Travelers personnel ***regarding loss, facts of loss, and coverage analysis***"; "communications to/from counsel ***regarding reservation of rights letter***"; "email communication reflecting legal advice ***regarding EUO***"; "communications providing, requesting, or reflecting legal advice ***relating to investigation***

*of claim*"; "communications to counsel ***providing Ryan Kiefer's investigation summary***"; "communications between Travelers personnel and counsel ***regarding draft coverage letter***"; "communications between Travelers counsel and Travelers personnel ***requesting assistance regarding preparation of correspondence***."

Attorney-client privilege does not protect counsel's participation in Travelers' ordinary business functions. These pre-denial communications are discoverable, and Judge Reinhart's order denying Ocean Reef's Motion to Compel should be set aside in favor of an order overruling Travelers' privilege claims and compelling production.

> B. *Travelers cannot assert its decision to secure legal advice as a defense to this action and simultaneously withhold that legal advice from discovery on grounds of attorney-client privilege.*

This Court's summary judgment order in the earlier contract case, affirmed by the Eleventh Circuit, held that Travelers wrongfully denied coverage without an expert opinion that the breach of warranty caused or contributed to the loss, as required by Fla. Stat. § 627.409(2). In this bad faith action, Travelers contends that the "totality of the circumstances" – which necessarily includes its decision to secure legal advice before denying the claim – will demonstrate that it "fairly investigated" the claim and had "valid causes to deny coverage." ECF No. 80 at 5. Travelers cannot assert that it did not act in bad faith because it secured legal advice before denying coverage, while simultaneously shielding that legal advice from discovery on grounds of attorney-client privilege.

Travelers need not formally assert an "advice of counsel" defense to establish an at-issue waiver of attorney-client privilege:

> When a litigant seeks to establish its mental state by asserting that it acted after investigating the law and reaching a well-founded belief that the law permitted the action it took, then the extent of its investigation and the basis for its subjective evaluation are called into question. Thus, the advice received from counsel as part

6

> of its investigation and evaluation is not only relevant but, on an issue such as this, inextricably intertwined with the court's truth-seeking functions. A litigant cannot assert a defense based on the contention that it acted reasonably because of what it did to educate itself about the law, when its investigation of and knowledge about the law included information it obtained from its lawyer, and then use the privilege to preclude the other party from ascertaining what it actually learned and knew.

*State Farm Mut. Auto. Ins. Co. v. Lee*, 13 P.3d 1169, 1177 (Ariz. 2000). Travelers' claim notes establish that it did rely on outside counsel's opinion to deny the claim. Mr. Grenzebach's redacted November 9th claim note contains the subject line: "Sens[itive] [Defense Counsel Communication] Full Denial of Claim," ECF NO. 85-3 at 2, and he admitted relying on counsel's advice to deny coverage, ECF No. 88 at 140:24-141:8 (legal advice is "certainly one of the factors that would go into my recommendation regarding coverage and investigation of the claim"). Likewise, his manager Mr. Smieya's November 10, 2017 note states: "Confirming that with approval of management and **consultation of coverage counsel** that we have declined coverage for this claim." ECF NO. 85-3 at 2 (emphasis added).

At the May 20th discovery hearing, after Ocean Reef advocated for this at-issue waiver, Judge Reinhart indicated his agreement that Travelers could not raise legal advice as a defense to coverage without waiving privilege:

> And, it seems to me [Mr. Hassebrock] is right in the sense of I could -- I could certainly see if you are -- I could certainly see a defense here being argued that is look, they are complaining why did we suing in the Western District of New York, and why did we take this position that, ultimately, the 11th Circuit rejected, and the answer is "Because our lawyers told us we were allowed to. Right? We researched it. That was our good faith belief of what the law was, and maybe 11th Circuit disagreed with us, but we didn't act in bad faith."

Ex. A at 16:13-21. Travelers' counsel incorrectly represented that Travelers was not asserting an advice of counsel defense when its affirmative defenses cite the "totality of the circumstances" in defense of Travelers' conduct, which necessarily includes the decision to obtain legal advice.

7

This Court should set aside Judge Reinhart's order and compel production of the pre-denial communications. Alternately, if Travelers is permitted to shield these communications from discovery, then Ocean Reef is entitled to a bar order precluding Travelers from disclosing to the jury that it retained or consulted counsel at any time prior to the denial of this claim.

**II.     The record does not support Travelers' privilege claims over 17 documents referencing other claims or disseminated to other personnel.**

Judge Reinhart denied production of 17 documents on Travelers' privilege log, highlighted in purple, that either reference other claims potentially similar to Ocean Reef or were disseminated to Travelers' employees not presently known to have any relationship with Ocean Reef's claim. ECF No. 97-1 at 25-27, 34. At the parties' May 20, 2024 hearing, Judge Reinhart invited Travelers to submit evidence supporting its privilege claims for these documents, saying that: "on the current record, there is no evidence before me that these are privileged. And so, you would lose." Ex. A, Hr'g Tr. at 9:23-24. Travelers did not submit any additional evidence following this hearing, yet after *in camera* review, Judge Reinhart's sustained Travelers' privilege objections without identifying any record evidence supporting the privilege. ECF No. 102.

Standing alone, Travelers' privilege log does not establish that these communications contain legal advice and were distributed only to those individuals at Travelers that were involved in the legal decisions concerning Ocean Reef's claim. Judge Reinhart's order is clear error and should be set aside in favor of an order compelling production of these 17 documents.

WHEREFORE, Ocean Reef Charters, LLC, respectfully requests this Court set aside Magistrate Judge Reinhart's Order on Motion to Compel the Production of Documents [ECF No. 102] to order production of the documents described herein, and any other relief this Court deems just and proper.

CASE NO.: 9:23-81222-CIV-RAR

Respectfully submitted,

**VER PLOEG & MARINO, P.A.**
100 S.E. Second Street, Suite 3300
Miami, FL 33131
305-577-3996
305-577-3558 facsimile

/s/ Stephen A. Marino, Jr.
Stephen A. Marino, Jr., Esq.
Florida Bar No. 79170
smarino@vpm-legal.com
pmartinez@vpm-legal.com
Benjamin S. Hassebrock, Esq.
bhassebrock@vpm-legal.com
mgarcia@vpm-legal.com
Kimberley P. Ver Ploeg, Esq.
Florida Bar No. 1036957
kverploeg@vpm-legal.com
*Counsel for Ocean Reef Charters, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by e-mail on June 28, 2024 to:

### SERVICE LIST

**Case No.: 9:23-cv-81222-RAR**
**United States District Court, Southern District of Florida**

| | |
|---|---|
| Richard J. McAlpin, Esq. | Stephen A. Marino, Jr., Esq. |
| rmcalpin@mfm-maritime.com | smarino@vpm-legal.com |
| dfondeur@mfm-maritime.com | pmartinez@vpm-legal.com |
| mmorales@mfm-maritime.com | Benjamin C. Hassebrock, Esq. |
| Magbis Sanchez, Esq. | bhassebrock@vpm-legal.com |
| msanchez@mfm-maritime.com | mgarcia@vpm-legal.com |
| McALPIN FLOREZ MARCOTTE | Kimberley P. Ver Ploeg, Esq. |
| 80 S.W. 8th Street, Suite 2805 | kverploeg@vpm-legal.com |
| Miami, Florida 33130 | VER PLOEG & MARINO, P.A. |
| 305-810-5400 | 100 S.E. Second Street, Suite 3300 |
| 305-810-5401 *facsimile* | Miami, FL 33131 |
| *Counsel for Travelers* | 305-577-3996 |
| | 305-577-3558 *facsimile* |
| | *Counsel for Ocean Reef Charters, LLC* |