UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-81222-RAR

**OCEAN REEF CHARTERS, LLC,**

    Plaintiff,

v.

**TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,**

    Defendant.
_____/

## ORDER DENYING PLAINTIFF'S DISCOVERY APPEAL

**THIS CAUSE** comes before the Court upon Plaintiff's Objection and Appeal of Magistrate Judge's Discovery Order ("Objection"), [ECF No. 109], filed on June 28, 2024 pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and S.D. Fla. L. Mag. R. 4(a)(1). Defendant timely filed Opposition to Plaintiff's Objection on July 12, 2024 ("Opposition"), [ECF No. 110]. The Court having reviewed Plaintiff's Motion to Compel Documents Identified on Defendant's Privilege Log ("Motion"), [ECF No. 85]; Magistrate Judge's Discovery Order ("Order"), [ECF No. 102]; Plaintiff's Objection; Defendant's Opposition; and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Objection, [ECF No. 109], is **DENIED** for the reasons stated herein.

## BACKGROUND

On April 10, 2024, Plaintiff Ocean Reef Charters, LLC ("Ocean Reef") filed a Motion to Compel Documents Identified on Defendant's Privilege Log ("Motion"), [ECF No. 85]. On May 9, 2024, Magistrate Judge Reinhart held an initial hearing on the Motion. [ECF No. 92]. After that initial hearing, Magistrate Judge Reinhart ordered the parties to confer and file a joint notice regarding unresolved issues. *See* [ECF No. 110] at 2; [ECF No. 93].

After conferring, the parties agreed that two categories of documents remained in dispute: (1) certain documents listed on Travelers' privilege log generated between the inception of the underlying insurance claim on September 13, 2017 and Travelers' November 9, 2017 coverage-denial decision and (2) the 17 purple color-coded privilege log entries. *See* [ECF No. 94]. On May 20, 2024, Magistrate Judge Reinhart held a 30-minute telephonic hearing on the Motion, [ECF No. 95], during which he granted the parties' request for an in-camera review of withheld documents, [ECF No. 96].

Following this in-camera review, on June 7, 2024, Magistrate Judge Reinhart entered a Paperless Order denying Plaintiff's Motion to Compel the production of Defendant's withheld documents. *See* Order. In that Order, Judge Reinhart explained he had "conducted an in-camera review of the withheld documents and f[ound] that the privilege ha[d] been properly asserted." Order. Magistrate Judge Reinhart further ordered Defendant to produce redacted versions of the documents to Plaintiff and to file under seal unredacted versions of the documents he reviewed in camera. *Id.* Plaintiff now objects to and appeals Magistrate Judge Reinhart's Order—specifically, his denial of Plaintiff's Motion to Compel the production of documents Defendant withheld as privileged—and argues that Magistrate Judge Reinhart's privilege determination as to the two sets of documents amounts to clear error. *See generally* Objection.

## **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). And pursuant to S.D. Fla. L. Mag. R. 4(a)(1):

> Any party may appeal from a Magistrate Judge's order determining [a discovery motion] within fourteen (14) days after being served with the Magistrate Judge's order . . . Such party shall file with the Clerk of the Court, and serve on all parties, written objections which shall specifically set forth the order, or part thereof, appealed from; a concise statement of the alleged error in the Magistrate Judge's ruling; and statutory, rule, or case authority, in support of the moving party's position. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof . . . The District Judge shall consider the appeal and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law.

S.D. Fla. L. Mag. R. 4(a)(1); *see also* 28 U.S.C. § 636(b)(1)(A).

"A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Pullman-Standard v. Swint*, 456 U.S. 273, 284 n.14 (1982) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 365, 395 (1948)); *see also United States v. Brown*, 947 F.3d 655, 673 (11th Cir. 2020) ("[W]e have explained that a district court's factual finding is clearly erroneous only if it leaves us with 'a definite and firm conviction that a mistake has been committed.'" (quoting *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012))). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (citation omitted). As courts in this Circuit have expressly noted, "a magistrate judge is afforded broad discretion in issuing non-dispositive pretrial orders related to discovery[.]" *Triolo v. United States*, No. 18-CV-919-J-34JBT, 2019 WL 5704659, at *1 (M.D. Fla. Nov. 5, 2019) (citation and internal quotations omitted); *see also Sartori v. United States Army*, No. 17-CV-679, 2019 WL 1116781, at *1 (N.D. Fla. Mar. 9, 2019) (citation omitted) ("[W]hen reviewing a non-dispositive pretrial discovery order, the court affords 'broad discretion' to the magistrate judge."). "It is seldom easy to establish clear error[.]" *Brown*, 947 F.3d at 673; *see also Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000) ("The standard for overturning a Magistrate Judge's Order is a very difficult one to meet.").

## ANALYSIS

Ocean Reef claims Magistrate Judge Reinhart committed clear error by denying its Motion to Compel production of the two sets of documents at issue. Specifically, as to the set of documents involving pre-November 9, 2017 communications between Travelers and in-house and outside counsel, Ocean Reef argues these documents are not protected by attorney-client privilege (1) because they occurred during the ordinary course of Travelers' business functions of investigating claims, deciding to accept or deny coverage, and communicating with the insured; and (2) because Travelers asserts an advice-of-counsel defense. Obj. at 3–8. As to the other 17 purple-highlighted documents, Ocean Reef asserts that Travelers has insufficiently established these 17 documents "contain legal advice and were distributed only to those individuals at Travelers that were involved in the legal decisions concerning Ocean Reef's claim." Obj. at 8.

The Court agrees with Travelers that Magistrate Judge Reinhart's denial of Ocean Reef's Motion to Compel does not amount to clear error. As to the pre-November 9, 2017 set of documents, Travelers correctly points out that Magistrate Judge Reinhart had an opportunity to conduct in-camera review of these documents and determined they were properly protected from disclosure by attorney-client privilege. And after reviewing the record and the documents at issue, the Court concludes that Magistrate Judge Reinhart committed no clear error in his privilege determination as to the pre-November 9, 2017 documents. *See Waters v. AIG Claims, Inc.*, No. 17CV00133RAHKFP, 2020 WL 6389852, at *2 (M.D. Ala. Oct. 30, 2020) (overruling plaintiff's objection to magistrate judge's denial of motion to compel production of documents after both magistrate judge and district court judge had individually reviewed the at-issue documents in camera).

As to the 17 purple-highlighted documents, the Court similarly agrees with Travelers that Magistrate Judge Reinhart committed no clear error in upholding Travelers' claims of privilege. As Travelers' Opposition makes clear, it appears Magistrate Judge Reinhart based his determination that

these 17 documents enjoy privileged protection from disclosure upon the fact that Ocean Reef's punitive damages claim was dismissed and has not been renewed. This determination does not amount to clear error. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Objection, [ECF No. 109], is **OVERRULED**.

**DONE AND ORDERED** in Miami, Florida, this 16th of July, 2024.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**